## JANTZEN KNITTING MILLS v. SPOKANE KNITTING MILLS, Inc.

### No. E–4367.

District Court, E. D. Washington, N. D.

Feb. 14, 1930.

Edward D. Jones, of Chicago, Ill., and Ralph R. Weeks, of Spokane, Wash., for plaintiff.

James Emmet Royce, of Spokane, Wash., for defendant.

WEBSTER, District Judge.

The plaintiff instituted this suit against the defendant, charging an infringement of a federal registered trade-mark, the infringement of a print copyrighted in the United States Patent Office, and unfair competition. The plaintiff was originally incorporated under the name of Portland Knitting Company on January 24, 1910, but on June 19, 1918, its name was changed to Jantzen Knitting Mills. This corporation for many years has engaged in the manufacture, sale, and distribution of swimming or bathing suits, which have been extensively distributed throughout the country. Many years ago it adopted and used as its trade-mark the words "Diving Girl" and the words "Red Diving Girl," and also a pictorial representation of a young girl garbed in a red swimming suit, and applied this mark to swimming suits of its manufacture. It is alleged that the plaintiff has invested and expended large sums of money in popularizing its swimming suits and making them known under the "Diving Girl" trade-mark, and by the use of excellent materials and workmanship the plaintiff has become known throughout the United States as the distributor of Jantzen swimming suits bearing a pictorial representation of a diving girl, so that the public in general has come to recognize any merchandise containing a diving girl as the product or merchandise of the plaintiff; that the alleged trade-mark is affixed directly upon the fabric or material from which the swimming suits are made and

also upon the boxes in which the articles are packed; that the swimming suits and the trade-mark have been widely advertised in circulars, cuts, magazines, billboards, and various other ways, with the result that the public has become so familiar with the goods of the plaintiff that the trade-mark either alone or in connection with the word "Jantzen" has become identified with the product of the plaintiff; that the swimming suits manufactured and sold by plaintiff under this trade-mark are of patented construction and are high-class articles of merchandise. It is further alleged that the plaintiff caused the said "Diving Girl" trade-mark, together with the words hereinbefore referred to, to be registered in the United States Patent Office, and also caused to be registered as a print the pictorial representation of a diving girl, and that it is now the owner and holder of several certificates of registration therefor. The defendant is a corporation engaged in the business of knitting swimming suits, coats, caps, and other like articles. It is alleged that for the purpose of injuring and damaging the plaintiff, and in violation and in infringement of the plaintiff's trade-marks and print, defendant has copied, imitated, simulated, printed, and published a diving girl trademark in connection with direct mail advertising, prints, blotters, counter display cards, newspaper advertisements, and other advertising material intended to be used in connection with the sale of swimming suits sold by the defendant in competition with the plaintiff. It is alleged that the trade-mark used by the defendant is designed and intended to deceive and is calculated to deceive the public and cause it to believe that swimming suits placed on the market by the defendant are Jantzen swimming suits, manufactured by the plaintiff. Attached to and made a part of the bill of complaint is a specimen of the label used by the plaintiff in connection with its swimming suits, and there is also attached a photostatic reproduction of a display card used by the defendant in connection with the sale of its swimming suits. It is alleged that the trade-mark which the defendant has been using consists of a pictorial representation of a diving girl in substantially the same posture as that displayed by the plaintiff's "Diving Girl" trade-mark; that for a time the bathing suit worn by the diving girl was red in color, but subsequently the color of the suit was changed to blue; that in consequence of this imitation and simulation on the part of the defendant the public has been deceived and the plaintiff has been damaged. The case is now before the court on defendant's motion to dismiss the bill.

The plaintiff's print shows a girl garbed in a swimming suit, in the act of diving, and about to strike the water. The limbs are together and extended full length, while the arms are extended parallel in front of the head. By close comparison, it is noted that the head of the girl in the Jantzen trade-mark is elevated above the level of her extended arms, while in the case of the defendant's trade-mark the head is between the extended arms, the face showing beneath them. The general posture and attitude, however, is substantially the same. The plaintiff's claim of trade-mark is based upon the diving girl and her posture, no claim being made for the representation of the bathing suit apart from or disconnected with the print of the diving girl. It is insisted by the defendant that an exclusive trade-mark must consist of some arbitrary or fanciful term, figure, or device not descriptive of the article to which it is applied; that terms merely descriptive of the goods or business to which they are applied cannot be appropriated as trade-marks; that a picture or drawing of the article itself is descriptive of that article and therefore not the subject of a valid trade-mark; that the picture of a book, a watch, or a shoe is not a valid trade-mark for a bookseller, a watchmaker, or a shoemaker; that a color cannot be the subject of a valid trade-mark; that because of these considerations the plaintiff's alleged trade-mark is invalid and therefore not the subject of infringement. Whilst I am not disposed to take issue with defendant's counsel on the legal propositions for which he contends, I am constrained to differ from him in the conclusion reached by their application to the case in hand.

Section 85, title 15, USCA, provides: "No mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark unless such mark" falls within the enumerated classes which immediately follow, no one of which, in my opinion, covers the plaintiff's mark involved in this litigation. It is the design of a girl clad in a swimming suit, with limbs and arms extended in the act of diving, her body about to strike the surface of the water, which constitutes the plaintiff's trade-mark; it is not the bathing suit which she wears. In this design of the girl in the act of diving, expression is given to the fanciful and the ar-

bitrary. The swimming suit is merely incidental. There is nothing about the design to indicate any description of the swimming suit, the material of which it is made, or the excellence of its manufacture. At most the design merely suggests the bathing suit, and this does not render it invalid as a trademark. No effort is being made by the plaintiff to secure the monopoly as a trade mark of a "red" bathing suit. The question of color does not enter into the design.

This brings me to the question of whether the design used by the defendant amounts to an infringement of the plaintiff's trade-mark.

"What degree of resemblance is necessary to constitute an infringement is incapable of exact definition, as applicable to all cases. All that courts of justice can do, in that regard, is to say that no trader can adopt a trade-mark, so resembling that of another trader, as that ordinary purchasers, buying with ordinary caution, are likely to be misled." McLean v. Fleming, 96 U. S. 245, 251, 24 L. Ed. 828.

Similarity does not mean exact likeness. If the resemblance, when considering the two trade-marks together, is such that the one is calculated to deceive the ordinary purchaser of the article to which it is attached into believing that it is the article of the other, infringement takes place.

"Equity gives relief in such a case, upon the ground that one man is not allowed to offer his goods for sale, representing them to be the manufacture of another trader in the same commodity. Suppose the latter has obtained celebrity in his manufacture, he is entitled to all the advantages of that celebrity, whether resulting from the greater demand for his goods or from the higher price the public are willing to give for the article, rather than for the goods of the other manufacturer, whose reputation is not so high as a manufacturer. Where, therefore, a party has been in the habit of stamping his goods with a particular mark or brand, so that the purchasers of his goods having that mark or brand know them to be of his manufacture, no other manufacturer has a right to adopt the same stamp; because, by doing so, he would be substantially representing the goods to be the manufacture of the person who first adopted the stamp, and so would or might be depriving him of the profit he might make by the sale of the goods which the purchaser intended to buy." McLean v. Fleming, supra.

Counsel for the defendant insists that there is no allegation that the alleged infringing design of the defendant was attached to goods sold or offered for sale by it, and consequently no infringement is alleged. To this contention I cannot subscribe.

Section 16 of the Act of February 20, 1905, section 96, title 15, USCA, provides: "The registration of a trade-mark under the provisions of this subdivision of this chapter shall be prima facie evidence of ownership. Any person who shall, without the consent of the owner thereof, reproduce, counterfeit, copy, or colorably imitate any such trade-mark and affix the same to merchandise of substantially the same descriptive properties as those set forth in the registration, or to labels, signs, prints, packages, wrappers, or receptacles intended to be used upon or in connection with the sale of merchandise of substantially the same descriptive properties as those set forth in such registration, and shall use, or shall have used, such reproduction, counterfeit, copy, or colorable imitation in commerce among the several States, or with a foreign nation, or with the Indian tribes, shall be liable to an action for damages therefor at the suit of the owner thereof." It will be seen that this statute covers the use of the imitation in connection with the sale of merchandise of substantially the same descriptive properties as those set forth in the registration. It is not necessary that it be attached to the articles of merchandise themselves.

The foregoing conclusions render it unnecessary to consider the allegations of the bill in their broader aspect of unfair competition.

Upon the face of the pleadings, I am of the opinion that the motion to dismiss should be denied. Order accordingly.